UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

BETHANY L. DOLDER,

          Plaintiff,                  Case No. 15-cv-12072

v                                       Honorable Thomas L. Ludington

COMMISSIONER OF SOCIAL SECURITY,

          Defendant.
_____/

**ORDER OVERRULING PLAINTIFF'S OBJECTIONS, ADOPTING THE REPORT AND RECOMMENDATION, DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND AFFIRMING THE DECISION OF THE COMMISSIONER**

On May 26, 2016 Magistrate Judge Patricia T. Morris authored a Report and Recommendation addressing Plaintiff Bethany Dolder's motion for summary judgment and Defendant commissioner of social security's motion for summary judgment. ECF Nos. 15-16. In the report and recommendation, Judge Morris recommends denying Plaintiff's motion for summary judgment and granting Defendant's motion for summary judgment. ECF No 18. On June 9, 2014 Plaintiff timely filed objections. ECF No. 19.

Pursuant to a de novo review of the record, Plaintiff Dolder's objections will be overruled and the report and recommendation will be adopted. Plaintiff's motion for summary judgment will be denied, Defendant's motion for summary judgment will be granted, and Plaintiff's claims will be dismissed with prejudice.

**I.**

The Magistrate Judge summarized the relevant background of this case in her February report and recommendation. For this reason, and because neither party has objected to this summary, it is adopted in full.

## II.

When reviewing a case under 42 U.S.C. § 405(g), the Court must affirm the Commissioner's conclusions "absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (citations omitted). Substantial evidence is "such evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (citation omitted).

### A.

Pursuant to Federal Rule of Civil Procedure 72, a party may object to and seek review of a Magistrate Judge's report and recommendation. See Fed. R. Civ. P. 72(b)(2). Objections must be stated with specificity. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted). If objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). De novo review requires at least a review of the evidence before the Magistrate Judge; the Court may not act solely on the basis of a Magistrate Judge's report and recommendation. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the Magistrate Judge. *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002).

Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those

portions of the magistrate's report that the district court must specially consider." *Id*. (internal quotation marks and citation omitted). A general objection, or one that merely restates the arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge. *See VanDiver v. Martin*, 304 F.Supp.2d 934, 937 (E.D.Mich.2004). An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection. *Howard v. Sec'y of Health and Human Servs*., 932 F.2d 505, 509 (6th Cir. 1991). Without specific objections, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrate's Act." *Id*.

**B.**

Plaintiff Dolder now raises four objections to the Magistrate Judge's report and recommendation, all of which restate the primary arguments raised by Plaintiff Dolder in both her motion for summary judgment and her response to Defendant's motion for summary judgment. *See* ECF No. 19. Specifically, Dolder objects as follows: (1) the magistrate judge erred in determining that any errors committed by the ALJ in weighing the opinions of Dr. Dickerson and Dr. Kriauciunuas were harmless; (2) the magistrate judge erred in finding that the ALJ properly evaluated Dr. Glenn-Beatty's opinion; (3) the magistrate judge erred in finding that the ALJ properly evaluated Ms. Dolder's credibility; and accordingly (4) the ALJ's hypothetical question to the vocational expert was incomplete. Because of these alleged errors, Dolder argues that the magistrate judge improperly found that the ALJ met the commissioner's burden at step five. All of the objections raised by Dolder were addressed and analyzed in depth by the magistrate judge in her Report and Recommendation, and will now be reviewed de novo.

**i.**

In her first objection, Dolder objects that the ALJ failed to properly weigh the evidence in accordance with 20 C.F.R. § 404.1527.  Dolder claims that the ALJ did not make a decision as to the weight to give each of Dr. Dickerson and Dr. Kriauciunuas specific medical findings. As explained by the magistrate judge, the ALJ was not required to directly address in his written decision each and every piece of evidence submitted "as long as his factual findings as a whole show that he implicitly resolved such conflicts." *See Kornecky v. Comm. of Soc. Sec.,* 167 Fed. App'x 496, 507-08 (6th Cir. 2006) (*quoting Loral Defense Systems–Akron v. N.L.R.B*., 200 F.3d 436, 453 (6th Cir.1999)).  Dr. Dickerson was not an examining physician whose opinion was entitled to presumptive weight under 20 C.F.R. § 404.1527(c).  Furthermore, the ALJ's factual findings were consistent with the stress-related limitations identified by Dr. Dickerson and Dr. Kriauciunuas, and consistent with Plaintiff's own testimony and function report. *See* Tr. 422, 425. Because the ALJ's opinion was consistent with the opinions of Dr. Dickerson and Dr. Kriauciunuas, and supported by substantial evidence in the record, any error in failing to specifically assign weight to the specific opinions of Dr. Dickerson and Dr. Kriauciunuas was harmless. Dolder's first objection will be overruled.

**ii.**

In her second objection, Dolder objects that the ALJ did not properly evaluate the opinion of Dr. Glenn-Beatty, Dolder's treating physician.   This objection is without merit, as the ALJ properly evaluated Dr. Glenn-Beatty's opinion under § 404.1527(c).  Under that rule, the ALJ must give good reasons for the weight he assigns to a treating source's opinion. *See* § 404.1527(c)(2). Here, in examining the nature of the treatment relationship, lack of supporting clinical evidence, inconsistency with other record evidence, and inconsistency with Dr. Glenn-

Beatty's own treatment notes, the ALJ gave Dr. Glenn-Beatty's opinion little weight. *See* Tr. 426. Because the ALJ followed proper procedure in assigning Dr. Glenn-Beatty's opinion little weight, and because this decision was supported by substantial evidence, Dolder's second objection will be overruled.

### iii.

Plaintiff Dolder's third objection – that the ALJ did not properly evaluate Dolder's credibility – is also without merit. "[A]n ALJ is not required to accept a claimant's subjective complaints and may consider the credibility of a claimant when making a determination of disability." *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 542 (6th Cir. 2007) (citation omitted). An ALJ's credibility determinations about the claimant must be given great weight, but must also be supported by substantial evidence. *Id.* (citing *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997).

In his opinion the ALJ specifically set forth his reasons for discrediting Dolder's subjective complaints based on the medical evidence and Dolder's own testimony. For example, the ALJ found no medical evidence confirming very serious, painful and frequent psoriasis and no corroboration in the medical evidence of serious fatigue, sleep disturbance, or medication side effects. While the ALJ found that the evidence confirmed some of Plaintiff's complaints of diffuse joint pain and a history of plantar and palm lesions, the ALJ found that the medical evidence did not suggest that the difficulties were as pronounced as Plaintiff complained. The ALJ also noted that Plaintiff had normal grip and dexterity during a 2009 independent examination and that she continued to drive and engage in hobbies and gardening. Similarly, the ALJ noted that while Plaintiff had exhibited some tenderness in her hand and wrist joints in 2009, an x-ray of those joints was normal and her range of motion was generally intact.

These findings, among others, support the ALJ's finding that Dolder's "allegations of very serious physical limitations are not consistent with the evidence and cannot be deemed credible as such." Tr. 425. By considering objective medical evidence together with Plaintiff's daily activities, the location, duration, frequency, and intensity of her claimed symptoms, precipitating and aggravating factors, treatment she had received, and mitigating measures, the ALJ properly found that Plaintiff's pain allegations were not credible. *See* Tr. 423-425; *Felisky v. Bowen*, 35 F.3d 1027, 1038-39 (6th Cir. 1994). Because the ALJ's credibility determination is supported by substantial evidence, Plaintiff's third objection will be overruled.

### iv.

Because Plaintiff has not shown that the ALJ improperly evaluated the medical evidence or Plaintiff Dolder's subjective complaints, Plaintiff has not shown that the ALJ's hypothetical questioning to the vocational expert was improper or incomplete. Because the hypothetical question to the vocational expert was supported by substantial evidence, Plaintiff's objection to the ALJ's step-five determination is without merit.

### III.

Because the ALJ reached his decision using correct legal standards and because those findings were supported by substantial evidence, the Court must affirm it, even if reasonable minds could disagree on whether the individual was disabled or substantial evidence could also support a contrary result. *Wright v. Massanari*, 321 F.3d 611, 614 (6th Cir. 2003); *see also Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2006) ("If substantial evidence supports the Commissioner's decision, this Court will defer to that finding even if there is substantial evidence in the record that would have supported an opposite conclusion.").

Accordingly, it is **ORDERED** that Plaintiff Dolder's objections, ECF No. 19, are **OVERRULED**.

It is further **ORDERED** that the report and recommendation, ECF No. 18, is **ADOPTED**.

It is further **ORDERED** that Plaintiff Dolder's motion for summary judgment, ECF No. 15, is **DENIED**.

It is further **ORDERED** that Defendant Commissioner's motion for summary judgment, ECF No. 16, is **GRANTED**.

It is further **ORDERED** that the Commissioner of Social Security's decision is **AFFIRMED**.

                                                  s/Thomas L. Ludington
                                                  THOMAS L. LUDINGTON
                                                  United States District Judge

Dated: June 22, 2016

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 22, 2016.

                              s/Michael A. Sian
                              MICHAEL A. SIAN, Case Manager